UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60156-CV-ALTMAN

ALTHEA BARRETT,

*Plaintiff,*

v.

UNITED STATES POSTAL SERVICE,

*Defendant.*

_____/

## ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss (the "Motion") [ECF No. 4].

## THE FACTS

The Plaintiff, Althea Barrett, filed her Complaint on December 18, 2019. *See* Compl. [ECF No. 1]. Its allegations consist of just three sentences:

> Property damage on two separate occasions. Jim A Walker, Michelle Browder and Jennifer Jundt are the representatives who handled the issue. Videos available.

Compl. at 1.

The Defendant, the United States Postal Service, was served with the Complaint on December 24, 2019. *See* Return of Service [ECF No. 1-3]. Thirty-one days later, on January 24, 2020, the Defendant removed the case to federal court, *see* Notice of Removal [ECF No. 1], and promptly moved to dismiss the Complaint for lack of subject-matter jurisdiction. *See* Mot. at 1. The Plaintiff filed a response on February 5, 2020 (the "Response") [ECF No. 5], which she styled as a "Motion to Deny Defendant's Motion."

## THE LAW

Pursuant to Federal Rule of Civil Procedure 12(b), a defendant may move for dismissal of a claim based on one or more of seven specific defenses: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. *See* FED. R. CIV. P. 12(b).

A motion to dismiss under Rule 12(b)(1) may attack subject matter jurisdiction either facially or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). On a facial challenge, the Court must, as with other Rule 12(b) motions, limit its review to the factual allegations in the complaint—accepting well-pled allegations as true. *Id.* A factual attack, however, challenges "the existence of subject matter jurisdiction in fact" and requires that the Court examine materials outside of the pleadings, such as testimony, declarations, and affidavits, to ensure the proper exercise of its jurisdiction. *Id.*

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261

2

(11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and must accept the plaintiff's factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). Unsupported factual allegations and legal conclusions, however, receive no such deference. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Finally, in considering the Defendant's Motion to Dismiss, the Court must interpret the Plaintiff's *pro se* complaint liberally. *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

## ANALYSIS

As a preliminary matter, the Complaint must be dismissed under FED. R. CIV. P. 12(b)(6) because it does not state a plausible claim for relief. *Cf. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Complaint's sole allegation—"Property damage on two separate occasions. Jim A Walker, Michelle Browder and Jennifer Jundt are the representatives who handled the issue," Compl. at 1—is purely conclusory, does not place the Defendant on notice of the claim against it, and does not even purport to describe with any degree of specificity what happened to the Plaintiff, what was "damage[d]," how it was "damage[d]," when it was "damage[d]," or by whom. Put simply, even construing the *pro se* complaint liberally, *see Sause*, 138 S.Ct. at 2563, it must be dismissed.

More fundamentally, however, the Complaint fails to establish this Court's subject-matter jurisdiction over the claim. So far as the Court can make out, the Complaint appears to levy a state-law tort claim against the U.S. Postal Service for damage that may have occurred during the

shipping process.[1] But the Federal Tort Claims Act (the "FTCA") provides the *exclusive* remedy

for torts committed by government employees within the scope of their employment. *See United*

*States v. Smith*, 499 U.S. 160, 173 (1991) (holding that, "with respect to a tort committed by '*any*

employee of the Government' within the scope of employment, the FTCA provides the exclusive

remedy"); *see also* 28 U.S.C. § 2679. Moreover, a plaintiff cannot proceed "against the federal

agencies or employees in their own names." *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir.

2016). Instead, a plaintiff asserting an FTCA claim must sue the United States itself. *Id*. And the

federal courts have *exclusive* jurisdiction over FTCA claims. *See* 28 U.S.C. § 1346(b)(1).

But, while this Court may have had jurisdiction over this case had it been filed here in the

first instance, the "jurisdiction of the federal court on removal is, in a limited sense, a derivative

jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R.  Co.*, 258 U.S. 377, 382 (1922). Thus,

"[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court

acquires none, although it might in a like suit originally brought there have had jurisdiction." *Id*.

Because, as noted, federal courts have *exclusive* jurisdiction over FTCA claims—and since the

Plaintiff brought this FTCA claim in *state court*—the state court in which the Plaintiff filed her

case lacked jurisdiction to hear it.[2] Under the doctrine of "derivative jurisdiction," therefore, this

---

[1] In addition, under 28 U.S.C. § 2680, the United States did not, through the FTCA, waive its sovereign immunity over any "claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006) ("As a consequence [of 28 U.S.C. § 2680(b)], the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception.").

[2] The Plaintiff's decision to file in state court a state-law tort claim, rather than an FTCA claim, does not change this result. After all, the United States and its agencies are generally immune from suit absent an explicit statutory waiver of that sovereign immunity. *See S. Spanish Trail, LLC v. Globenet Cabos Submarinos Am., Inc.*, No. 19-80240-CIV, 2019 WL 3285533, at *3 (S.D. Fla. July 22, 2019) (citation omitted). And the FTCA's waiver of sovereign immunity applies only to FTCA actions—not to state-law tort claims brought in state court. *See, e.g., Buckalew v. Columbia Aircraft Sales, Inc.*, No. 13-62758-CIV, 2014 WL 11720085, at *2–3 (S.D. Fla. Sept. 4, 2014)

Court likewise lacks subject-matter jurisdiction over this case.[3] Notably, when the "derivative jurisdiction" doctrine applies—as it does here—the Supreme Court has admonished lower courts to *dismiss* the case—and not to *remand* it. *See id.* at 383 (noting that the court "should have directed a dismissal for want of jurisdiction and without prejudice").

This Court will follow the Supreme Court's admonition here. Because the state court from which this case was removed lacked jurisdiction to hear the matter, this Court acquired none upon removal. Accordingly, this Court lacks subject-matter jurisdiction, and the Defendant's Motion must be **GRANTED**.

\*\*\*

In closing, the Court notes that this case is being dismissed *without prejudice*. This means that the Plaintiff may refile this claim, if she wishes, at any time. If she chooses to do so, she should keep two points in mind.

*First*, if she intends to sue the United States for torts committed by its employees within the course of their employment, she must bring her claim under the "Federal Tort Claims Act." She may not, in other words, as she did here, sue *an agency of the United States* under a state-law theory of negligence.

*Second*, if she chooses to pursue a claim under the FTCA, she must file her complaint in *federal*, not *state*, court. If she files her claim in state court, the United States may—as it did here—

---

(collecting cases and noting that the "United States has not consented to suit in those [state] courts").

[3] In 1986, Congress abrogated the doctrine of derivative jurisdiction as it applies to 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f). But this case was removed under a separate statute, 28 U.S.C. § 1442. And, while the Eleventh Circuit has never had occasion to say whether the doctrine applies to removals under § 1442, this Court sees no reason to conclude that it does not. *Cf. Palmer v. City Nat's Bank of W. Va.*, 498 F.3d 236, 245 (4th Cir. 2007) (finding that doctrine of derivative jurisdiction applies to § 1442 removals); *Nelson v. U.S. Sec'y of Hous. & Urban Dev.*, No. 3:10-CV-1118-J-37MCR, 2011 WL 5357844, at \*5 (M.D. Fla. Nov. 4, 2011) (same).

remove the case to federal court again. And, under the doctrine of derivative jurisdiction, that federal court will be required to dismiss the Complaint again, even if it is properly pleaded.

Accordingly, the Court hereby

**ORDERS AND ADJUDGES** that the Defendant's Motion to Dismiss [ECF No. 4] is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 9th day of February 2020.

 

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
       Althea Barrett, *pro se*